### FENNO et al. v. PRIMROSE et al.

(Circuit Court, D. Massachusetts. October 28, 1903.)

No. 1,580.

1. EQUITY—PROCEDURE—FRAMING ISSUES FOR JURY.
    A federal court of equity will not, on demand, after the joining of issue by the pleadings, but before the evidence has been taken in accordance with the usual practice in equity, frame issues to be submitted to a jury, especially when it cannot be known at that stage of the case that such issues will be decisive or even material.

In Equity. On application to frame issues for a jury.
See 116 Fed. 49.

Storey, Thorndike, Palmer & Thayer, for complainants.
Whipple, Sears & Ogden, for defendants.

PUTNAM, Circuit Judge. This is an application of complainants in a cross-bill in a cause in equity to frame issues for a jury. The case has been put in issue by an answer and replication, but has proceeded no further. The opposing party claims that at this stage of the case the court has no power to grant the application. Of course, following the usual definition of power as frequently used in equity proceedings, this means that at this stage of the case the court cannot properly exercise judicial discretion in behalf of the application.

The court inquired of counsel at the hearing whether the ordinary practice in this particular had been modified by late statutes in reference to the method of taking proofs in equity, having special reference to Act March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664]. Apparently neither party is of the opinion that the statute is relevant. Whatever doubts the court might have had on that question are removed by the practical construction given this statute by the Supreme Court in the rule adopted at the October term, 1892, promulgated in the appendix to 149 U. S., and now constituting the last paragraph of rule of practice in equity No. 67, according to the authorized edition of the rules of 1903. This reads as follows:

"Upon due notice given as prescribed by previous order, the court may, at its discretion, permit the whole, or any specific part, of the evidence to be adduced orally in open court on final hearing."

The limitation of this rule of the application of the statute to final hearings clearly removes it from our present consideration.

The bill and the cross-bill relate to certain consignments of wool by the plaintiffs in the cross-bill to the defendants therein, as to which, among other things, the plaintiffs in the cross-bill maintain that the defendants therein disobeyed instructions with reference to sales, and otherwise failed to properly perform their duties as consignees. In the proposed issues for the jury the word "defendants" means the defendants in the cross-bill, and the word "plaintiffs" the plaintiffs therein. The proposed issues are as follows:

"(1) Were the sales of wool made by the defendants between January 18, 1898, and November 8, 1898, inclusive, made in the service of reasonable skill and prudence on the part of the defendants, and at prices authorized or ratified by the plaintiffs?

"(2) Did the plaintiffs authorize or confirm the sale of Denver and Utah wool made by the defendants, except with the understanding that the price realized for the whole lot should be twenty cents all around?

"(3) Were the sales of wool made by the defendants between July 31, 1899, and September 2, 1899, inclusive, made by the defendants in the exercise of proper skill, discretion, and judgment, or not?

"(4) If this question is answered in the negative, have the sales of wool made by the defendants between July 31, 1899, and September 2, 1899, been ratified and confirmed by the plaintiffs?

"(5) Have the plaintiffs ever authorized or ratified the sales of wool which were not reported to them, made by the defendants between March 11, 1899, and June 13, 1899, inclusive?

"(6) Did the defendants agree to credit the plaintiffs with a rebate of two per cent. on the twenty thousand dollars advanced by the plaintiffs to the defendants?

"(7) Did the defendants have authority to sell any wool on behalf of the plaintiffs after October 12, 1899?

"(8) Did the defendants on or before October 12, 1899, wrongfully exercise the power of disposition over the plaintiffs' wool then in their possession, and thereby or otherwise convert the same to their own use?

"(9) Did the defendants on or after October 12, 1899, fail to exercise reasonable care, skill, and diligence in the performance of their duty as commission merchants in reference to the plaintiffs' wool then in their possession; and, if so, what is the amount of damage, if any, which the plaintiffs suffered thereby?"

If these issues involved only a single fact, which lay at the very foundation of the suit, as to which it was apparent to the court that the determination thereof by the jury, at least in one direction, would dispose of the litigation, it would probably be within our discretion to direct the framing of issues at this stage. Such apparently seems to be the rule as stated in Daniell's Chancery Practice, vol. 2, 735, edition of 1840, which edition has been accepted by the Supreme Court. On the other hand, the same author, at the same page, says, "In general, however, the court will not grant an issue upon motion before hearing unless upon consent." But the rule is laid down positively in an authority which we need not go beyond. Adams, Equity (8th Ed.) *376, speaking of framing an issue, says:

"It can, however, only be adopted where the evidence creates a doubt, and not as a substitute for omitted evidence, and therefore the party claiming the issue must first prove his case by regular depositions."

The reason of this rule is apparent, and it is well illustrated by an inspection of the proposed issues submitted to us. At this stage it is impossible to determine whether such issues will ever become material, or, if yes, whether they can now be put in such form as to answer the purpose sought to be accomplished, or whether, when the proofs have been taken according to the ordinary procedure in equity, any substantial dispute will be left in reference to any of them. In other words, with issues of this character, it is apparent that at this stage the court, if it ordered a trial by jury, would have no reasonable certainty of accomplishing anything thereby, except plunging the parties into expensive, protracted, and useless collateral litigation.

The applicants call attention to the facts that the issues they present arise peculiarly at common law, as to which there is ordinarily a clear right to a trial by jury, and that they attempted to present these issues in a suit brought by them, which suit was restrained by the bill to which they have replied with the cross-bill, raising the controversies which the issues seek to present. The court has not overlooked these propositions, but they do not outweigh the difficulty we have explained. Of course, there is a probability that at the proper time the court may permit framing issues covering the substance of what is now proposed, or may direct the pith of them to be tried in the pending suit at law, either of which it may do according to the settled practice in equity, provided it hereafter appears that either party would be duly advantaged thereby. Consequently the order dismissing this application will be a qualified one.

The application of the plaintiffs in the cross-bill that issues may be framed for a jury is denied, for the reasons stated in our opinion passed down this day, without prejudice to a renewal hereafter.